## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| FOLKS, INC. <br><br>      Plaintiff, <br><br> v. <br><br> THE HONEY BAKED HAM COMPANY, LLC, <br><br>      Defendant. | CIVIL ACTION NO. _____ |

## **COMPLAINT**

**COMES NOW** Folks, Inc. ("Folks"), Plaintiff in the above-captioned matter, and files this Complaint for damages and injunctive relief against Defendant The Honey Baked Ham Company, LLC ("Defendant") and shows the Court as follows:

## **JURISDICTION**

1. This is an action for trademark infringement, trademark counterfeiting, and unfair competition arising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., and for common law trademark infringement and unfair competition.

2.     This Court has jurisdiction over all causes of action set forth herein pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b), and the supplemental jurisdiction of the Court as provided in 28 U.S.C. § 1367.

3.     Personal jurisdiction over the Defendant is proper in this jurisdiction, pursuant to O.C.G.A. § 9-10-91 (2014), on the grounds that Defendant has its principal place of business in Georgia, transacts regular and continuous business within the State of Georgia and within this judicial district and division, derives substantial revenue from goods used or consumed and services rendered in the State of Georgia and within this judicial district and division, and committed the acts referenced in this Complaint within the State of Georgia and within this judicial district and division.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c), and (d).

## THE PARTIES

5.     Folks is a Georgia corporation with its principal place of business at 1384 Buford Business Boulevard, Suite 500, Buford, Georgia 30518.

6.     On information and belief, Defendant is a Delaware limited liability company with a principal place of business at 3875 Mansell Road, Alpharetta, GA 30022.

## RELEVANT FACTS

7.     Folks commenced its business operations in 1978 with one Southern-style restaurant specializing in fried chicken and traditional Southern-style side dishes. As of 2015 Folks operates nine Folks Southern Kitchen® restaurants in the metro Atlanta area and surrounding Georgia regions.

8.     Since at least as early as 1994, Folks has used the mark GOOD TO GO (the "GTG Mark") in interstate commerce in association with its restaurant services, food service, and take-out services. Folks has used its GTG Mark in interstate commerce continuously since at least as early as 1994.

9.     Since at least as early as 1994, the GTG Mark has been used in various capacities to promote Plaintiff's restaurant services and the goods sold in connection therewith by, without limitation, airing television and radio commercials using the GTG Mark; displaying the GTG Mark on Folks' website; distributing weekly newspaper circular, coupons, menus, stickers, information cards, take-out boxes, take-out flatware, Styrofoam cups, and plastic bags bearing

the GTG Mark; and prominently using the GTG Mark on signage within and outside its restaurant premises. True and correct examples of Folks' use of the GTG Mark in association with its restaurant services are attached hereto and incorporated herein as <u>Exhibit A</u>.

10.    Folks is the owner of U.S. Service Mark Registration No. 2,159,864 for the GTG Mark, which was registered on May 26, 1998 for "restaurant services" (the "GTG Registration"). The GTG Mark is registered on the Principal Register and is valid and incontestable. A true and correct extract from the U.S. Trademark Office's online database summarizing the details of Folks' GTG Registration is attached hereto and incorporated herein as <u>Exhibit B</u>.

11.    In early 2006, Taco Bell Corp. ("Taco Bell") and Folks entered into a Trademark License Agreement whereby Taco Bell became a licensee of the GTG Mark for use in association with its restaurant services and take-out services.

12.    From 2006 through 2008, Taco Bell spent a significant sum of money advertising its products and services under the GTG Mark in the form of, *inter alia*, prime time nationwide television commercials and a wide variety of print advertising. During this time, Taco Bell made substantial use of the GTG Mark in each and every state, generating a tremendous amount of goodwill, all of which inured to the benefit of Folks.

-4-

13.   Taco Bell specifically adopted the GTG Mark for use in connection with the advertising and promotion of its Crunchwrap® products. From 2006 through 2009, Taco Bell sold hundreds of millions of Crunchwrap® products. In fact, the Crunchwrap Supreme® has been touted as Taco Bell's most successful menu item of all time, as set forth in <u>Exhibit C</u>, which is attached hereto and incorporated herein.

14.   Plaintiff has enforced its rights in the GTG Mark against numerous third parties.

15.   As a result of the widespread marketing of restaurant and take-out services under the GTG Mark, together with the substantial sales of goods offered in connection therewith, the GTG Mark is strong and entitled to a wide scope of protection.

16.   On information and belief, Defendant conducts business as Honey Baked Ham.

17.   On information and belief, Defendant owns and operates retail food stores nationwide, including in the State of Georgia.

18.   On information and belief, Defendant's retail food stores offer prepared foods and beverages.

19.     On information and belief, Defendant's retail locations regularly offer take-out restaurant services.

20.     On information and belief, Defendant's retail locations regularly offer dine-in restaurant services.

21.     On information and belief, Defendant's retail locations regularly offer catering services.

22.     On January 17, 2003, Defendant filed U.S. Trademark Application Serial Number 76/483,913 for the design mark DINNER GOOD TO GO HONEYBAKED (the "'913 Application" or "'913 Mark").

23.     On April 23, 2003, Folks sent a cease and desist letter to Defendant alleging the '913 Application infringed the GTG Mark, requesting withdrawal of the '913 Application, and requesting that Defendant cease all current and planned use of any mark incorporating GOOD TO GO in connection with restaurant services or advertising, marketing, and promotional materials related to Defendant's business.

24.     Defendant first responded to Folks on April 25, 2003 acknowledging receipt of the cease and desist letter.

25.     Defendant sent a further response on June 6, 2003 denying infringement based upon, among other things, its position that the '913 Mark did

not infringe the GTG Mark as it contained a fanciful design element, the additional term DINNER, as well as the Honey Baked source identifier.

26.    Defendant subsequently allowed the '913 Application to go abandoned. A true and correct extract from the U.S. Trademark Office's online database summarizing the details of the '913 Application is attached hereto and incorporated herein as Exhibit D.

27.    On or around August 12, 2015, Folks became aware the Defendant was using the mark GOOD TO GO (the "Infringing Mark") in retail locations in at least Georgia and Kentucky.

28.    After a reasonable opportunity for further investigation or discovery, it is likely the evidence will show that Defendant is using GOOD TO GO to advertise prepared meals and beverages in its locations nationwide.

29.    Defendant is using GOOD TO GO as a trademark and/or service mark.

30.    Examples of Defendant's current and widespread use of GOOD TO GO are attached hereto and incorporated herein as Exhibit E.

31.    Defendant's current use of GOOD TO GO is materially different from the mark that was the subject of Defendant's '913 Application.

32.    Defendant's current use of GOOD TO GO is not highly stylized.

33.     Defendant is displaying GOOD TO GO in a common cursive font.

34.     Defendant is displaying GOOD TO GO in a larger font than the other words on its displays.

35.     Defendant's HONEYBAKED house mark is not integrated into its use of GOOD TO GO on its marketing materials.

36.     Defendant uses GOOD TO GO to advertise and promote prepared meals for off-premises consumption.

37.     Folks uses the GTG Mark to advertise and promote prepared meals and beverages for off-premises consumption.

38.     Defendant is using GOOD TO GO at locations that offer both dine-in and take-out restaurant services.

39.     Folks uses the GTG Mark at locations that offer both dine-in and take-out restaurant services.

40.     On information and belief, Defendant uses GOOD TO GO to advertise and promote products costing between $10.00 and $15.00.

41.     An example of Defendant's use of GOOD TO GO in advertising a meal containing meat and side dishes costing $10.99 is attached hereto and incorporated herein as Exhibit F.

-8-

42.     Folks uses the GTG Mark to advertise and promote meals containing meat and side dishes costing between $7.00 and $15.00.

43.     An example of Folks' use of the GTG Mark advertising meals consisting of a meat and side dishes and costing between $8.49 and $14.99 is attached hereto and incorporated herein as Exhibit G.

44.     Defendant had constructive knowledge of the GTG Mark since at least May 26, 1998, the date of registration on the Principal Register of the GTG Registration, pursuant to 15 U.S.C. § 1072.

45.     Defendant had actual knowledge of the GTG Mark since at least April 25, 2003, the date by which Defendant received its first cease and desist letter from Folks.

46.     Notwithstanding such actual and constructive notice, Defendant has used and continues to use GOOD TO GO in association with its retail store services and sales of prepared food and beverages.

47.     Defendant is using GOOD TO GO without the consent, sponsorship, or authorization of Folks.

48.     Defendant's actions are willful and in bad faith and have forced Folks to bring this action in this Court to protect its trademark rights in the GTG Mark.

## COUNT I
## <u>FEDERAL TRADEMARK INFRINGEMENT</u>
## <u>(15 U.S.C. § 1114)</u>

49.     The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth.

50.     Defendant's unauthorized use of the Infringing Mark constitutes a use in commerce of a reproduction, counterfeit, copy, or colorable imitation of the GTG Mark in connection with the sale, offering for sale, distribution, and/or advertising of goods and services that are highly related to the goods and services provided under Folks' registered trademark, and that are marketing through the same channels of trade and to the same class of consumers. Such use of the Infringing Mark by Defendant is likely to cause confusion, to cause mistake, or to deceive, and will cause purchasers and potential purchasers to falsely believe that Defendant's goods and services are sponsored by, approved by, or affiliated with Folks.

51.     Defendant's use of the Infringing Mark is confusingly similar to the GTG Mark, and Defendant's unauthorized use of the Infringing Mark has caused, is causing, and will continue to cause damage and other irreparable injury to Folks unless such use is enjoined by this Court, Folks having no adequate remedy at law.

52.    On information and belief, Defendant's aforementioned acts have been and are being committed with the knowledge that such acts are causing confusion, or are likely to cause confusion, to cause mistake, or to deceive.

53.    Defendant's acts are therefore intentional, willful, and maliciously calculated to cause confusion, to cause mistake, or to deceive. Therefore, this is an exceptional case.

54.    Defendant's use in commerce of marks confusingly similar to the GTG Registration is an infringement of Folks' rights in and to its federally registered trademark in violation of 15 U.S.C. § 1114.

55.    Pursuant to 15 U.S.C. § 1117, Folks is entitle to recover from Defendant: (1) Defendant's profits, (2) any damages sustained by Folks, and (3) the costs of the instant action. Further, based on the nature of Defendant's violation of Folks' trademark rights, Folks is entitled to reasonable attorneys' fees and the trebling of such profits or damages.

**COUNT II**
**FEDERAL UNFAIR COMPETITION**
**(15 U.S.C. § 1125(a))**

56.    The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth.

57.    In marketing its good and services under the Infringing Mark, Defendant has affixed, applied, annexed, or used in connection with its goods and services a false designation of origin or a false or misleading description or representation of fact that is likely to cause confusion, to cause mistake, or to deceive others to believe that Defendant's goods and services are made by, sponsored by, approved by, originate with, or are affiliated with Folks. Defendant has caused, with knowledge of such false designation of origin or description or representation, such goods and services to be offered for sale or use in interstate commerce.

58.    Defendant has willfully promoted in interstate commerce the sale of its goods and services in a manner so as to designate falsely an origin or association with Folks, with the GTG Registration, and with Folks' goods and services, so as to cause confusion or mistake among purchasers as to the true origin, source, sponsorship, or affiliation of Defendant's goods and services, all to Defendant's profit and Folks' damage.

59.    Folks has been irreparably damaged by the use of such false designation and/or representation, and will continue to be irreparably damaged unless Defendant's acts are enjoined by this Court, Folks having no adequate remedy at law.

-12-

60.     Defendant has intentionally traded on the goodwill established by Folks (by itself as well as through licensing of the GTG Mark) in the GTG Mark, through Defendant's advertising and sales of identical goods and services under a virtually identical mark, and by marketing its goods and services under this virtually identical mark in interstate commerce.

61.     Defendant's acts, as set forth above, constitute unfair competition, false designation of origin, and false description in violation of 15 U.S.C. § 1125(a).

62.     Pursuant to 15 U.S.C. § 1117, Folks is entitled to recover from Defendant: (1) Defendant's profits, (2) any damages sustained by Folks, and (3) the costs of the instant action. Further, based on the nature of Defendant's violation of Folks' trademark rights, Folks is entitled to reasonable attorneys' fees and the trebling of such profits or damages.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

63.     The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth.

64.     As a result of the public's association of the GTG Mark with Folks, Defendant's use of deceptively similar marks in connection with its goods and

services, which are the same as or substantially the same as the goods and services of Folks, is likely to cause confusion, to cause mistake, or to deceive.

65.    On information and belief, Defendant has offered for sale and has sold its goods and services with full prior knowledge of the GTG Mark, and Defendant's sale of such goods and services was and is for the willful and calculated purpose of trading on the goodwill and business reputation of Folks as embodied in and symbolized by the GTG Mark.

66.    On information and belief, Defendant has developed, promoted, and sold its goods in such a manner as to inevitably suggest an association or affiliation with or sponsorship or approval by Folks, so as to cause, or likely cause, confusion or mistake among consumers as to the origin or sponsorship of Defendant's goods, all to Defendant's profit and Folks' damage.

67.    Defendant's conduct, as set forth above, constitutes infringement of Folks' common law rights in and to the GTG Mark, and further constitutes common law unfair competition with Folks, all of which has irreparably damaged and will continue to irreparably damage Folks, together with its goodwill and reputation, unless Defendant is enjoined and restrained by this Court, Folks having no adequate remedy at law.

-14-

## COUNT IV
## FEDERAL TRADEMARK COUNTERFEITING
## (15 U.S.C. § 1114)

68.     The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth.

69.     Defendant's willful and unauthorized use of the Infringing Mark constitutes a use in commerce of a reproduction, counterfeit, copy, or colorable imitation of the GTG Mark in connection with the sale, offering for sale, distribution, and/or advertising of goods for which Folks holds a federal trademark registration. Such use of the Infringing Mark is likely to cause confusion, or to cause mistake, or to deceive, and will cause purchasers and potential purchasers to falsely believe that Defendant's goods are sponsored by, approved by, or affiliated with Folks.

70.     Without Folks' consent or authorization, Defendant has applied a reproduction, counterfeit, copy, or colorable imitation of the GTG Mark onto packaging materials, labels, signs, prints, and used the reproduction, counterfeit, copy, or colorable imitation of the GTG Mark in advertisements in commerce and in connection with the sale, offering for sale, distribution, and advertising of goods for which Folks holds a federal trademark registration. Such conduct is likely to

-15-

cause confusion, or to cause mistake, or to deceive, and will cause purchasers and potential purchasers to falsely believe that Defendant's goods are sponsored by, approved by, or affiliated with Folks, and will result in Defendant unfairly and illegally benefitting from Folks' goodwill.

71.    Defendant's acts constitute trademark counterfeiting in violation of 15 U.S.C. § 1114 and have caused, are causing, and will continue to cause damage and other irreparable injury to Folks unless such acts are enjoined by this Court, Folks having no adequate remedy at law.

72.    Defendant's acts are intentional, willful, and maliciously calculated to cause confusion, to cause mistake, or to deceive. Therefore, this is an exceptional case.

73.    Pursuant to 15 U.S.C. § 1117, Folks is entitled to recover from Defendant: (1) Defendant's profits and any actual damages sustained by Folks, and/or statutory damages of not more than $2,000,000 per mark per type of good sold for Defendant's willful use of a counterfeit mark, and (2) the costs of the instant action. Further, based on the nature of Defendant's violation of Folks' trademark rights, Folks is entitled to reasonable attorneys' fees and the trebling of such profits or damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Folks is entitled to and prays for relief as follows:

(i)     That Defendants, its officers, agents, servants, employees and attorneys, and all persons acting under their permission and authority, be preliminarily and permanently enjoined and restrained from offering for sale, selling and/or authorizing the offering for sale and sale of any goods or services under or in connection with the Infringing Mark, and from advertising and promoting and/or authorizing others to advertise and promote the sale of any goods or services under the Infringing Mark, or from using the Infringing Mark or any other designation, trademark, or service mark in any other manner that is likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendant's goods and services or from otherwise infringing the GTG Registration.

(ii)     That this Court order Defendant to deliver up for destruction all marketing, advertising, documents, signs, packages, forms, advertisements, letterheads, and/or other representations and means for reproducing the same, or any printed or recorded material that makes references to or depicts the Infringing Mark, or any designation or mark similar to the GTG Mark, and to destroy or

remove all other uses of marks similar to the GTG Registration.

(iii)     That Defendant be directed to file with the Court and serve upon Folks, no later than thirty days after the issuance of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunctions of the immediately preceding paragraphs and any other provision of this Court's Order.

(iv)     That an accounting be conducted and judgment rendered against Defendant for:

a.     all profits received by Defendant from the sale of goods and services under the Infringing Mark and any other trademark, service mark, or other designation confusingly similar to the GTG Mark;

b.     all damages in an amount proven at trial resulting from, inter alia, Defendant's trademark infringement, unfair competition, false designation of origin, and false description or representation of Folks' trademarks, pursuant to 15 U.S.C. § 1051 et seq.;

c.     a trebling of any such damages or profits awarded, whichever is greater, for Defendant's intentional use of a counterfeit mark pursuant to 15 U.S.C. § 1117(b); and

-18-

      d.     alternatively, and at Plaintiff's election, an award of statutory damages of not more than $2,000,000 per mark per type of good or service sold for Defendant's willful use of a counterfeit mark pursuant to 15 U.S.C. § 1117(c).

    (v)    That Defendant be required to pay to Folks monetary damages to be used for corrective advertising to be conducted by Folks.

    (vi)    That Folks have and recover its expenses in this suit, including but not limited to its reasonable attorneys' fees and expenses, recoverable not only under 15 U.S.C. § 1117(a), but also under state law.

    (vii)    That Folks have and recover damages for Folks' loss of business and goodwill suffered.

    (viii)    That Folks have such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Folks demands a trial by jury of all issues so triable.

**[Signatures on following page]**

Respectfully submitted this 3rd day of September, 2015.

**THE SLADKUS LAW GROUP**

/Jeffrey B. Sladkus/
Jeffrey B. Sladkus
Georgia Bar No. 651220
jeff@sladlaw.com
Mark L. Seigel
Georgia Bar No. 634617
mark@sladlaw.com
Becki C. Lee
Georgia Bar No. 167852
becki@sladlaw.com
O. Victoria Rooks
Georgia Bar No. 819379
victoria@sladlaw.com
1827 Powers Ferry Road
Building 6, Suite 200
Atlanta, GA 30339
Main: (404) 252-0900
Fax: (404) 252-0970
**Attorneys for Folks, Inc.**